*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD HENRIES, | : | |
| | : | Civil Action No. 05-5013 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Edward Henries' motion for reconsideration and relief from a judgment or order pursuant to Rules 59(e) and 60(b). (ECF No. 22). Petitioner has also filed two letters in support of that motion. (ECF Nos. 23-24). For the following reasons, this Court will deny Petitioner's motion.

**I. BACKGROUND**

As this Court explained in the opinion and order denying Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Petitioner was convicted of several drug offenses in October 2002. *See Henries v. United States*, No. 05-5013, 2008 WL 2386170, at *1 (D.N.J. June 9, 2008). At sentencing, Judge Lifland found that Petitioner qualified as a career offender for the purposes of the Career Offender provision of the United States Sentencing Guidelines, § 4B1.1, based on Petitioner's prior convictions for third-degree possession with intent to distribute a controlled substance in 1991, and convictions for aggravated assault and manslaughter in 1998. *Id.* at 1, 5. Following the conclusion of his direct appeal, Petitioner filed his motion to vacate

sentence in October 2005. (ECF No. 1). In that motion, Petitioner raised several claims, only one of which is relevant here – that his prior conviction for possession in 1991 was not a felony because Petitioner was subject to a presumption of non-incarceration for this third-degree offense. (*Id.*). On June 9, 2008, this Court denied Petitioner's motion and denied him a certificate of appealability, finding his contentions meritless. (ECF Nos. 14-15). Petitioner appealed, and the Third Circuit denied him a certificate of appealability on October 30, 2009, holding that Petitioner had not "shown that reasonable jurists would find [this Court's] procedural ruling or assessment of his constitutional claims debatable or wrong." (*See* Third Circuit Docket No. 08-3870 at Document No. 00319880942). Five years after the denial of a certificate of appealability by the Third Circuit, and more than six years after the denial of Petitioner's § 2255 motion, Petitioner filed his current motion for reconsideration, which he asserts arises under either Rule 59(e) or 60(b).

## II. DISCUSSION

### A. Petitioner's motion is untimely as a Rule 59(e) motion

To the extent that Petitioner seeks relief under Rule 59(e), Petitioner's motion must be denied as it was untimely filed. Pursuant to Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Judgment in this matter was entered on June 9, 2008, and Petitioner did not file his motion until October 2014. Petitioner's motion is thus clearly untimely as a Rule 59(e) motion, and must be denied as such to the extent that Petitioner couches his claims as a motion to amend judgment or for reconsideration under Rule 59(e). The Court will therefore turn to the merits of Petitioner's motion under Rule 60(b).

### B. Rule 60(b) Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### C. Rule 60(b) Analysis

In his current motion, Petitioner contends that the Court erred in finding that Petitioner's third degree possession offense was a felony sufficient to trigger the Career Offender Guideline. In making that assertion, Petitioner also contends that the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), should control the outcome of this matter. As this Court explained in the opinion denying Petitioner's § 2255 motion, a person qualified as a career offender under the Guidelines in effect at Petitioner's sentencing if that person was "at least eighteen years old at the time the defendant committed the instant offense," the instant offense is "a felony that

3

is either a crime of violence or a controlled substance offense," and the defendant "has at least two prior felony convictions of either a crime of violence of a controlled substance offense." *Henries*, 2008 WL 2386170 at *5. Petitioner does not contend that his possession offense is not a controlled substance offense, but instead contends that it should not qualify as a felony because Petitioner was subject to a presumption of non-incarceration pursuant to N.J. Stat. Ann. § 2C:44-1(e). This Court rejected that argument in denying Petitioner's motion to vacate because an offense under the guidelines is considered a felony so long as it punishable by either "death or imprisonment for a term exceeding one year, . . . *regardless of the actual sentence imposed*." *Henries*, 2008 WL 2386170 at * 5 (quoting U.S. Sentencing Manual § 4B1.2 (2000)) (emphasis added).

As the Sentencing Guidelines and subsequent case law makes clear, what matters for the purposes of determining whether a crime is a felony under the Career Offender Guideline is the *potential* sentence which can be imposed for the crime in question, and *not* the actual sentence Petitioner received. *Id.*; *see also Davila v. United States*, No. 12-2412, 2012 WL 2839815, at *3 (D.N.J. July 10, 2012). As this Court previously explained to Petitioner, although section 2C:44-1(e) provides for a presumption of non-incarceration for first time offenders who commit a third-degree offense, that presumption can be overcome where the State establishes by clear and convincing evidence that incarceration is necessary, and that a three to five year prison term can be imposed even upon a first time offender for the commission of a third-degree offense such as the one for which Petitioner was convicted. *Henries*, 2008 WL 2386170 at *7; *see also State v. Gardner*, 113 N.J. 510, 517-18 (1989). Thus, for the purposes of the Career Offender Guideline, a third-degree offense constitutes a "felony" because it is punishable by a sentence of three to five

years, even if most first time offenders such as Petitioner at the time of his possession offense will not receive such a sentence. *Henries*, 2008 WL 2386170 at *7; *Davila*, 2012 WL 2839815 at *3.

In his motion, Petitioner suggests that *Carachuri-Rosendo* changed this analysis, and permits courts only to consider the actual sentence imposed rather than the potential sentence the petition could have received. Petitioner misreads and misconstrues *Carachuri-Rosendo*. In *Carachuri-Rosendo*, the petitioner had been convicted of a misdemeanor in Texas for which he received a 20 day sentence. 560 U.S. at 570-71. The Board of Immigration Appeals and Court of Appeals, however, construed that conviction as an aggravated felony for the purposes of immigration law because the conduct in question could have been prosecuted as an aggravated felony had the United States sought to try the petitioner under federal law. *Id.* at 572-73. The Supreme Court reversed, finding that the question for the immigration statute in question was not whether federal prosecutors hypothetically could have sought a conviction for a federal felony, but rather whether the actual state crime for which the petitioner had been convicted was itself a felony under the applicable immigration statute because the statute required that an aggravated felony not only be punishable as a felony under federal law, but also that the petitioner "must . . . have been *actually convicted* of a crime that is itself punishable as a felony." *Id.* at 576-582.

As another court in this district explained in *Davila*, *Carachuri-Rosendo* dealt with immigration statutes, not the Career Offender Guideline, and is not applicable to the Guidelines which have their own standards for determining what qualifies as a prior felony for the purposes of career offender status. 2012 WL 2839815 at *3. *Carachuri-Rosendo* therefore does not apply to Petitioner's claims and provides no support for his assertions. In finding that Petitioner was a career offender, Judge Lifland, and this Court in turn in denying Petitioner's § 2255 motion, did

not look to see whether Petitioner's conduct would have been a felony if federally prosecuted, but rather to the range of sentences which could have been imposed upon Petitioner, which included a potential sentence of three to five years. Because the state crime Petitioner committed could have resulted in a sentence of greater than a year, it qualifies as a felony under the Guidelines, and Petitioner's assertion that it does not is patently without merit. *Davila*, 2012 WL 2839815, at *3; *Henries*, 2008 WL 2386170 at *7. Petitioner has thus failed to show his entitlement to relief under Rule 60(b) and his motion for reconsideration must be denied.[1]

Although the Court will deny Petitioner's Rule 60(b) motion on the merits, this Court also finds that Petitioner's motion must be dismissed as untimely. All motions brought pursuant to Rule 60 must be filed within a "reasonable time" of the entry of the original judgment. Fed. R. Civ. P. 60(c). What is reasonable in a given case depends on the circumstances of that case, and a determination of reasonableness rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*), 383 F. App'x 242, 246 (3d Cir. 2010). Here, Petitioner's motion was filed more than six years after the entry of judgment, five years after the denial of his appeal therefrom, and more than four years after the Supreme Court decided *Carachuri-Rosendo*. Given the strong interest in finality expressed in the federal habeas statute, *see* 28 U.S.C. § 2255(f) (setting forth a one year statute of limitations for § 2255 motions), and Petitioner's failure to explain why he did

---

[1] In his most recent letter (ECF No. 24), Petitioner also asserts that the Supreme Court's recent decision in *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), bolsters his argument. As *Mathis* dealt with the question of whether a crime meets the generic definition of an enumerated offense for the Armed Career Criminal Act, an issue not implicated in Petitioner's motion, that assertion is also without merit.

not file his motion sooner other than to note that the Public Defender did not respond to his requests for aid in seeking relief, this Court finds that the four to six year delay between the judgments and decisions triggering this motion and Petitioner's filing thereof patently unreasonable, and that Petitioner's motion must be denied for that reason as well. *In re Diet Drugs*, 383 F. App'x at 246 (finding that even a delay as short as one year can be sufficient to render the late filing of a Rule 60 motion unreasonable where the interests in finality and prejudice to other parties so warrant).

**IV. CONCLUSION**

For the reasons stated above, Petitioner's motion (ECF No. 22) is DENIED. An appropriate order follows.

Dated: June 2, 2017				*s/ Susan D. Wigenton*
						Hon. Susan D. Wigenton,
						United States District Judge